STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
CODY A. BOLCE (Bar No. 322725)
    CBolce@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs and a Class of Similarly
Situated Employees

# UNITED STATES SUPERIOR COURT

## EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION

| | |
|---|---|
| JUAN VASQUEZ, JOSE LUIS ZAVALA, and MOISES ROCHA, on behalf of themselves, the State of California, all similarly situated aggrieved employees, and all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>MICHAEL L. MANNA RANCH, INC., MICHAEL L. MANNA, an Individual, and DOES 1 through 50, inclusive,<br><br>        Defendants. | **Case No.**<br><br>**CLASS ACTION AND PAGA COMPLAINT FOR:**<br><br>1. Migrant and Seasonal Agricultural Worker Protection Act (AWPA);<br>2. Failure to Pay Nonproductive Time Separate from Piece-Rate;<br>3. Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof;<br>4. Failure to Pay Minimum Wages;<br>5. Failure to Pay Overtime Premium Wages;<br>6. Waiting Time Penalties;<br>7. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions;<br>8. Violation of Unfair Competition Law, California Business & Professions Code §§17200 *et seq.*; and<br>9. Penalties California Under Labor Code §§ 2698 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiffs Juan Vasquez, Jose Luis Zavala, and Moises Rocha ("Plaintiffs") bring this action against Defendants Michael L. Manna Ranch, Inc., and Michael L. Manna ("Defendants"), individually and on behalf of all other similarly situated individuals employed under common circumstances and facts. The allegations made in this Complaint are based on Plaintiffs' knowledge, except those allegations made on information and belief, which are based on the investigation of their counsel.

2.      This is a Class Action pursuant to Federal Rule of Civil Procedure Rule 23 and a collective action pursuant to the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA") and the California Private Attorneys General Act ("PAGA"). Plaintiffs bring this action on behalf of a class of workers currently or formerly employed by Defendants in California. Plaintiffs seek to vindicate the rights afforded to workers under AWPA, California law, including the California Labor Code and Wage Orders, and California's Unfair Competition Law ("UCL").

3.      This action arises out of Defendants' failure to pay non-exempt employees all wages it owed them by failing to pay for rest and recovery periods and other nonproductive time separate from any piece-rate compensation and failing to provide non-exempt employees with legally compliant meal periods. As a result, Defendants failed to pay non-exempt employees, including Plaintiffs and the class, all wages owed to them upon discharge (including seasonal layoffs) or resignations in conformance with California law.

4.      Defendants have employed Plaintiffs and the class directly and are sued as joint employers, agents, and/or alter egos. Defendants are also sued as "persons," pursuant to California Labor Code §§ 18, 558, 558.1, and 2699 *et seq*., who violated or caused to be violated the Labor Code and other regulations governing wages, hours, and conditions of employment. Liability under Labor Code §§ 18, 558, 558.1, and 2699 *et seq*. does not require individual defendants be employers.

CLASS ACTION AND PAGA COMPLAINT

5.     Plaintiffs further allege that Defendant Michael L. Manna is a "person acting on behalf of an employer" within the meaning of Labor Code § 558.1 who violated or caused to be violated California Labor Code §§ 203, 226, 226.2 226.7, 1194, and 2802, as well as the provisions "regulating minimum wages or hours and days of work" as enumerated in applicable IWC wage order.  As such, Defendant Michael L. Manna can be held liable as an employer for such violations sustained by Plaintiffs and the class that occurred after March 8, 2019, pursuant to labor code § 558.1.

6.     Plaintiffs are informed and believe and thereon allege each Defendant is responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were actually and proximately caused by each Defendant's conduct.

7.     The core violations Plaintiffs allege against Defendants for themselves and the class are: (1) failure to provide meal periods or appropriately compensate employees in lieu thereof; (2) failure to pay minimum and premium overtime; (3) failure to pay/compensate non-exempt employees for rest and recovery periods and/or other nonproductive time separate from any piece-rate compensation; (4) failure to pay all wages owed upon separation from employment; (5) failure to provide accurate, itemized wage statements; (6) failure to pay Plaintiffs for all hours worked; (7) failure to reimburse necessary business expenditures; and (8) failure to pay taxes, social security, disability, unemployment, worker's compensation, Medicare, and other required obligations. Additional derivative violations are described below.

8.     Defendants have refused to pay all wages due and owed to Plaintiffs and Class Members under the express provisions of the California Labor Code, which, in turn, resulted in additional Labor Code violations entitling Plaintiffs and the class to prompt payment of wages and penalties.

9.     Plaintiffs, for themselves and the class, also seek injunctive relief requiring Defendants to comply with all applicable California labor laws and regulations in the future and preventing Defendants from engaging in and continuing to engage in unlawful and unfair business practices. Plaintiffs also seek declaratory relief enumerating Defendants' violations so

Defendants and the public have clarity and guidance with regards to Defendants' future employment practices.

## **PARTIES**

10.     Plaintiff Juan Vasquez ("Vasquez") is a resident of San Joaquin County, California. At all relevant times herein, he has been employed directly or jointly by Defendants, as an employee on land owned, leased, and/or operated in and around San Joaquin County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Vasquez was hired by Defendants to work within the counties covered by Intradistrict Venue in the San Joaquin Division of the Eastern District pursuant to Local Rule 120(d). During the relevant time period, Plaintiff Vasquez worked for Defendants within the Intradistrict Venue of the San Joaquin Division of the Eastern District, performing services covered by an applicable Wage Order during the Class Period. Plaintiff Vasquez suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint. As such, he is an aggrieved employee.

11.     Plaintiff Jose Luis Zavala ("Zavala") is a resident of San Joaquin County, California. At all relevant times herein, he has been employed directly or jointly by Defendants, as an employee on land owned, leased, and/or operated in and around San Joaquin County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Zavala was hired by Defendants to work within the counties covered by Intradistrict Venue in the San Joaquin Division of the Eastern District pursuant to Local Rule 120(d). During the relevant time period, Plaintiff Zavala worked for Defendants within the Intradistrict Venue of the San Joaquin Division of the Eastern District, performing services covered by an applicable Wage Order during the Class Period. Plaintiff Zavala suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint. As such, he is an aggrieved employee.

12.     Plaintiff Moises Rocha ("Rocha") is a resident of San Joaquin County, California. At all relevant times herein, he has been employed directly or jointly by Defendants, as an employee on land owned, leased, and/or operated in and around San Joaquin County, California,

CLASS ACTION AND PAGA COMPLAINT

and has been employed by Defendants as a non-exempt employee. Plaintiff Rocha was hired by Defendants to work within the counties covered by Intradistrict Venue in the San Joaquin Division of the Eastern District pursuant to Local Rule 120(d). During the relevant time period, Plaintiff Rocha worked for Defendants within the Intradistrict Venue of the San Joaquin Division of the Eastern District, performing services covered by an applicable Wage Order during the Class Period. Plaintiff Rocha suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint. As such, he is an aggrieved employee.

13. Plaintiffs and the employees whom Plaintiffs seek to represent were regularly subjected to, or had personal knowledge of, the violations described in this Complaint.

14. The following allegations as to Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

15. At all times relevant, Defendant Michael L. Manna Ranch, Inc. was a California Corporation which conducts business in and around the district, including in San Joaquin County. On information and belief, Defendant Michael L. Manna Ranch, Inc. has hundreds of employees and provides employees in the agricultural industry. At the core of Defendant Michael L. Manna Ranch, Inc.'s violations are: systematic failure to keep accurate time and payroll records; failing to record rest and recovery periods separate from piece-rate units, and/or failing to accurately calculate compensation for rest and recovery periods; failing to record and compensate piece-rate workers for nonproductive time from piece-rate units; requiring, suffering or permitting employees to perform unpaid work off-the-clock; failure to pay minimum wage and premium /overtime wages; refusing to provide proper meal periods or to provide premium wages in lieu thereof, and failing to provide accurate wage statements; and failing pay of all wages owed upon separation from employment.

16. At all times relevant, Defendant Michael L. Manna was, on information and belief, the Chief Executive Officer for Defendant Michael L. Manna Ranch, Inc. and was in charge of making major corporate decisions and managing the operations of the corporation

during the relevant time period. As such, he was on notice, whether actual or constructive, of all of the violations described above, and failed to prevent or address them. On information and belief, Defendant Michael L. Manna is an owner, director, officer, or managing agent of Defendant Michael L. Manna Ranch, Inc. who controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies. Defendant Michael L. Manna is therefore liable as a person acting on behalf of Defendant Michael L. Manna Ranch, Inc. under California Labor Code § 558.1. Plaintiffs allege Defendant Michael L. Manna is liable under PAGA and Labor Code §§ 558, 1197.1, 2699(f) as a "person" who violated or caused to be violated the Labor Code and Wage Orders listed in this complaint, by exercising control over and involvement in the creation and/or implementation of the wage and hour practices and policies that are the subject matter of this complaint.

17. The acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, and/or integrated enterprise, at the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved of, and/or ratified the unlawful acts and omissions by the other Defendant complained of herein.

18. On information and belief, Plaintiffs further assert the damages herein alleged were actually and proximately caused by each Defendants' conduct.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under AWPA (29 U.S.C. § 1801 *et seq*.).

20. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to the federal wage and hour claims that they form part of the same case or controversy under Article III of the United States Constitution.

21.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

22.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the Defendants and/or the Plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

**INTRADISTRICT ASSIGNMENT**

23.     This case is properly assigned to the Sacramento Division of this Court because the action arose in San Joaquin County, California. Local Rule 120(d).

**FACTUAL ALLEGATIONS**

24.     This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure to vindicate the rights afforded the class by AWPA, California Labor Code §§ 201, 202, 203, 204, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.2, 226.3, 226.7, 512, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, and California Business & Professions Code §§ 17200 *et seq*. and is brought on behalf of Plaintiffs and a Class comprised of all current and former non-exempt employees of Defendants. The claims of this lawsuit spring from a pattern of Defendants' misconduct and wrongdoing that is a characteristic of the labor system Defendants utilize, where unpaid and improperly paid labor, as alleged herein, is a common business practice, and where the employer externalizes the cost of business expenditures upon Defendants' employees. Defendants' actions in this case demonstrate a systematic disregard for the rights afforded to Plaintiffs and the class under California wage and hour law. The following paragraphs detail specific violations of law giving rise to this action.

25.     For at least four years prior to the filing of this action and through to the present (liability period for the UCL cause of action), Defendants have maintained and enforced against Plaintiffs and the class the following unlawful practices and policies in violation of California wage and hour laws, including but not limited to:

a.  failing to accurately calculate pay for rest and recovery periods and failure to record and compensate for other nonproductive time separate from any piece-rate compensation;

b.  failing to document on itemized statements the total hours of compensable rest and recovery periods and nonproductive time, the rate of compensation, and the gross wages paid for those periods and time during the pay period.

c.  requiring Class Members, including Plaintiffs, to work at least five (5) hours without a timely, thirty-minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law and policy;

d.  failing to pay minimum and overtime premium wages to Plaintiffs and the class by providing piece-rate compensation and failing to accurately calculate compensation for rest and recovery periods, and failure to record and compensate for nonproductive time separate from piece-rate units;

e.  failing to provide class members, including Plaintiffs, with accurate itemized wage statements in violation of California law and public policy;

g.  failing to pay to Class Members, including Plaintiffs, all wages owed including those for rest and meal periods, rest and recovery time and all piece-rate work, as detailed above upon separation from employment – whether voluntary or not – in violation of California law and policy;

h.  failing to create or maintain accurate time-keeping records for Class Members, including Plaintiffs, resulting in failure to accurately pay wages owed and provide accurate itemized wage statements, in violation of California law and public policy; and

i.      engaging in unfair competition in violation of the UCL, Bus. & Prof. §§17200 *et seq.*, as a result of failing to pay wages owed and generate and maintain accurate records as described above.

26.     At all times relevant, Defendants paid Plaintiffs and other similarly situated employees by "piece-rate." In a piece-rate system, rest periods must be compensated separately and a "piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law." *Bluford v. Safeway Stores, Inc.* 216 Cal.App.4th 864, 871 (2013).

27.     Defendants failed to compensate for all "hours worked" within the meaning of the applicable IWC Wage Order and failed to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, failing to accurately calculate compensation for rest and recovery periods, failing to record and compensate non-productive time separate from piece-rate units, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, failure to pay rest and recovery periods and nonproductive time for piece-rate workers, and other activities. By its conduct, Defendants make clear they are intentionally and maliciously subverting California minimum wage requirements and federal and California overtime wage requirements, resulting in loss of property to Plaintiffs and the class as a result of Defendants' payroll policies.

28.     Under the timekeeping and record-keeping policies, Defendants willfully provided inaccurate itemized wage statements that do not reflect all "hours worked" and wages earned. Further, Defendants also failed to accurately calculate compensation for rest and recovery periods and failed to record other nonproductive time separate from any piece-rate compensation in violation of Labor Code § 226.2. As such, Defendants failed to maintain accurate time-keeping record and wage statements.

29.     Under their meal period policies, Defendants failed to provide employees: (a) at least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete, and/or untimely meal periods.

30.     Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and failure to pay premium meal period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

31.     Plaintiffs allege Defendants are employers with respect to Plaintiffs or similarly situated employees and/or are liable for the payment of wages to Plaintiffs under California Labor Code § 2810.3.

32.     On information and belief, Defendants were on notice of the improprieties alleged and/or have intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

33.     Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Plaintiffs and the class during all relevant times herein, because Defendants did not fully implement and preserve a record-keeping method to accurately record all hours worked and wages earned by their employees, or manipulated such record-keeping method for Defendants' advantage, in violation of California Labor Code §§ 226 and 1174(d), and applicable IWC Wage Orders.

34.     Plaintiffs allege Defendants are liable to her and the Class for the violations described herein as employers and/or "persons" who violated the Labor Code and IWC regulations or caused such violations. Labor Code §§ 558 & 2698 *et seq*.

35.     Defendants failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours

worked by Plaintiffs and members of the proposed Class. Plaintiffs and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

36. Plaintiffs bring this action on behalf of herself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in litigation and the proposed class is easily ascertainable. Plaintiffs seek to represent the following Class, composed of, and defined, as follows:

> All non-exempt workers who are or have been employed by Defendants in the State of California at any time within four (4) years prior to the filing of the original complaint in this action and the final disposition of this action.

37. On information and belief, the legal and factual issues are common to and affected all Class Members. Plaintiffs may amend the above class definition as permitted or required by this Court.

## NUMEROSITY

38. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe Defendants have employed hundreds of employees in the State of California. These employees have been affected by Defendants' unlawful practices as alleged herein.

39. Upon information and belief, Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

## COMMONALITY

40. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendants violated §§ 17200 *et seq*. of the Business and Professions Code by the violation of California labor laws;

b. Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

c. Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiff and other Class Members at hourly wage rates below (1) the minimum wage rate and (2) double minimum wage rate;

d. Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other Class Members at rates below the required overtime rate;

e. Whether Defendants violated the California Labor Code and Wage Orders by failing to provide lawful meal periods or discouraging Plaintiffs and Class Members from taking them and failing to pay premium wages in lieu thereof, in violation of California law;

f. Whether Defendants violated the California Labor Code and Wage Orders by failing to pay Plaintiffs and other Class Members for rest and recovery periods and other nonproductive time separate from any piece-rate compensation;.

g. Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other Class Members ' earned wages, work periods, hours worked, and wages earned;

h. Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any Class Members, including Plaintiff, ended; and

i.   Whether Plaintiffs and other Class Members are entitled to restitution, wages, statutory penalties, premium wages, declaratory and injunctive relief, attorneys' fees, interest, and costs, and other relief pursuant to AWPA the California Labor Code, applicable Wage Orders, and the UCL.

## TYPICALITY

41.   The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of, and were caused by, Defendants' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

## ADEQUACY OF REPRESENTATION

42.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

## SUPERIORITY OF CLASS ACTION

43.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of and denying Class Members meal periods without legal compensation.

44.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely individual Class Members have any interest in individually controlling separate actions in this case. Class Members' lack of knowledge of the legal system and limited economic

resources would deprive most Class Members of the practical opportunity to pursue their claims were this class action not certified.

45. Plaintiffs are unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (AWPA)
29 U.S.C.A. § 1801 *et seq.*
(AGAINST MICHAEL L. MANNA RANCH, INC.)

46. Plaintiffs re-allege and incorporate the allegations of the above paragraphs as if fully stated herein.

47. Defendants intentionally violated Plaintiffs' and the Class' rights under AWPA by:

    a. providing false and misleading information regarding the terms and conditions of employment of Plaintiffs and Class Members, in violation of 29 U.S.C. § 1831(c);

    b. violating the terms of the working arrangement made with Plaintiffs and Class Members in California, in violation of 29 U.S.C. § 1832(c); these working arrangements are contained in the IWC Wage Orders which are required to be and, actually are posted and communicated by Defendants to Plaintiffs as required by the IWC Wage Orders;

    c. failing to pay wages when due for unpaid regular and overtime hours worked and for missed or non-compliant meal periods in violation of 29 U.S.C. § 1832(a).

-14-

      d.   failing to provide workers with accurate, itemized written wage statements which include the correct number of hours worked; the correct total pay period earnings; and the correct net pay, in violation of 29 U.S.C. § 1831(c).

48.     Plaintiffs allege Defendants communicated the terms of employment with the Class by posting IWC Wage Orders on the job site which enumerated specific obligations of the employer with regard to working conditions required by state law and, in particular, with regard to: the payment of minimum wages; payment of overtime premium wages; recording keeping requirements; provision of meal periods; and application of penalties. Defendants also communicated a regular and overtime wage rate to employees in a variety of ways. This regular and overtime wage rate was not complied with due to the underpayments described in this complaint. These terms constituted the communicated working arrangement with these employees, which Defendants systemically violated.

49.     For each violation of AWPA, each Class Member is entitled to recover his or her actual damages or up to $500 per violation in statutory damages. 29 U.S.C. § 1854.

50.     Wherefore, Plaintiffs and the class request relief as described herein and below.

**<u>SECOND CLAIM FOR RELIEF</u>**
**FAILURE TO RECORD AND COMPENSATE NONPRODUCTIVE TIME SEPARATE FROM ANY PIECE-RATE COMPENSATION**
CALIFORNIA LABOR CODE § 226.2
(AGAINST ALL DEFENDANTS)

51.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

52.     Plaintiffs and, on information and belief, the Class were compensated on a piece-rate basis during all pay periods.

53.     Plaintiffs and, on information and belief, the Class were not compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation as required by law.

CLASS ACTION AND PAGA COMPLAINT

54.     Defendants failed to include on itemized statements, the total hours of compensable rest and recovery periods, the rate of compensation, and gross wages paid for those periods during the pay period.

55.     Defendants failed to include on itemized statements, the total hours of other nonproductive time, the rate of compensation, and gross wages paid for that time during the pay period.

56.     Defendants failed to compensate Plaintiffs and, on information and belief, the Class, for rest and recovery periods at a regular hourly rate no less than the higher of an average hourly rate, or the applicable minimum wage.

57.     California Labor Code §226.7 provides:

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

(2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:

(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

(B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period.

(3)(A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of:

(i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

(ii) The applicable minimum wage.

58. By failing to keep adequate time records required by § 226.2 of the Labor Code, Defendants have injured Plaintiffs and the class and made it difficult to calculate rest and recovery and nonproductive time compensation due to Plaintiffs and the class.

59. As a result of the unlawful acts of Defendants, Plaintiffs and the class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable IWC Wage Orders.

60. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Michael L. Manna are liable for the violations herein alleged.

61. Wherefore, Plaintiffs and the class request relief as described herein and below.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO PROVIDE PROPER MEAL PERIODS**
**OR COMPENSATION IN LIEU THEREOF**
CALIFORNIA LABOR CODE §§ 226.7, 512 AND APPLICABLE IWC WAGE ORDER
(AGAINST ALL DEFENDANTS)

62. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

63. Plaintiffs and, on information and belief, the Class were not afforded timely meal periods as required by California law, since they were routinely required to work five hours or more without a timely, thirty minute, uninterrupted meal period, and they were not compensated for missed meal periods.

64. California Labor Code §226.7 provides:

CLASS ACTION AND PAGA COMPLAINT

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

65.     The applicable wage order issued by the Industrial Welfare Commission provides with regards to meal periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

66.     California Labor Code § 512 contains a similar provision. In this case, there was no mutual waiver of meal periods and employees worked for periods of more than five hours without an off-duty meal period of at least 30 minutes. As noted above, Defendants violated California law by failing to provide timely meal periods mandated by Labor Code § 226.7 and the applicable IWC Wage Order. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

67.     As noted above, Defendants violated California law by failing to provide meal periods mandated by Labor Code § 226.7 and the applicable IWC Wage Order, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided.

68. Plaintiffs and the class did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs and the class were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

69. By failing to keep adequate time records required by §§ 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and the class and made it difficult to calculate the unpaid meal period compensation due to Plaintiffs and the class.

70. As a result of the unlawful acts of Defendants, Plaintiffs and the class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable IWC Wage Orders.

71. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Michael L. Manna is liable for the violations herein alleged.

72. Wherefore, Plaintiffs and the class request relief as described herein and below.

## **FOURTH CLAIM FOR RELIEF**

### **FAILURE TO PAY MINIMUM WAGES**
**LABOR CODE §§ 1194, 1194.2, 1197(A) & APPLICABLE IWC WAGE ORDER**
(AGAINST ALL DEFENDANTS)

73. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

74. California Labor Code § 1197, which is entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

75. Defendants have failed to pay minimum wages for all hours worked. In particular, Defendants failed to record and compensate piecework workers for nonproductive time separate from piece-rate units and failed to accurately calculate compensation for rest and recovery periods. Plaintiffs and the class are consequently not paid for all hours worked. These practices, among others, have resulted in Defendants not paying the minimum wage for all hours worked. This violation of California minimum wage law was substantial and a main feature of Defendants' employment practices.

76. The Minimum Wage provisions of the California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

77. As such, Plaintiffs and the class may bring this action for minimum wages, interest, costs of suit, and attorney's fees pursuant to California Labor Code § 1194(a).

78. As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

79. California Labor Code § 1194.2 provides:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80. As described herein, this is an action under California Labor Code § 1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and the applicable IWC Wage Order. Therefore, Plaintiffs and the class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

81.    Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Michael L. Manna is liable for the violations herein alleged.

82.    Wherefore, Plaintiffs and the class request relief as described herein and below.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO PAY PREMIUM OVERTIME WAGES
LABOR CODE §§510, 1194, 1194.2 & IWC APPLICABLE IWC WAGE ORDER
(AGAINST ALL DEFENDANTS)

83.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

84.    Labor Code § 510(a) establishes the eight (8) hour workday and forty (40) hour workweek, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one-half (1 ½) times the regular rate of pay. An identical provision is found in the applicable IWC Wage Order, which is authorized under California Labor Code § 1185.

85.    Labor Code §§ 857-863 phase in overtime provisions under Labor Code § 510(a) to agricultural workers.

86.    As described herein, Defendants violated California Labor Code § 510 by employing Plaintiffs and the class in excess of eight (8) hours in one day and forty (40) hours in a workweek without paying the required overtime rate. In particular, due to the piece-rate compensation system used by Defendants and without a timekeeping system, Plaintiffs and the class were routinely working hours in excess of eight (8) hours per day without receiving overtime compensation.

87.    Plaintiffs and the class may enforce these provisions pursuant to Labor Code § 1194(a) and Business and Professions Code §§ 17200 *et seq*.

88.     California Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

89.     As a result, Plaintiffs and the class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees, and costs of suit.

90.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Michael L. Manna is liable for the violations herein alleged.

91.     Wherefore, Plaintiffs and the class request relief as described herein and below.

**<u>SIXTH CLAIM FOR RELIEF</u>**
**WAITING TIME PENALTY**
CALIFORNIA LABOR CODE §§ 201, 202, & 203
(AGAINST ALL DEFENDANTS)

92.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

93.     California Labor Code §§ 201 and 202 provide for immediate payment of all wages owed at termination of employment.

94.     As described above, Defendants failed to pay minimum, overtime, meal period wages, and rest and recovery periods and other nonproductive time separate from any piece-rate compensation; and failed to reimburse Plaintiffs and the class for necessary expenses incurred in purchasing gloves. Consequently, unpaid wages and monies have accumulated as a result of this practice and Defendants' have failed to liquidate these unpaid wages upon separation from

-22-

employment, whether through voluntary resignation or involuntary termination, in violation of California law.

95. Defendants have violated California Labor Code §§ 201 and/or 202 by failing to pay Plaintiffs and a substantial portion of the Class all the wages owed to them, because when Plaintiffs and a substantial portion of the Class left their employment with Defendants, Defendants did not pay them the wages owed for rest and recovery periods and other nonproductive time separate from any piece-rate compensation, missed meal periods, or for unreimbursed expenses. This failure to pay wages owed was willful and, as such, Defendants are liable for penalties under § 203 of the Labor Code.

96. California Labor Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

97. Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, Plaintiffs and the class are entitled to 30 days' wages. "30 days' wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

98. In calculating 30 days' wages pursuant to California Labor Code §203, Plaintiffs and the class are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided meal periods.

99. More than 30 working days have passed since Plaintiffs and many members of the Class have left Defendants' employment, and despite this, they have not received payment pursuant to Labor Code § 203. As a consequence of Defendants' willful conduct in not paying all

wages, Plaintiffs and the class are entitled to 30 days' wages as a penalty under Labor Code §203.

100.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Michael L. Manna is liable for the violations herein alleged.

101.     Wherefore, Plaintiffs and the class seek the relief as described herein and below.

**SEVENTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
LABOR CODE §§ 226, 226.2 & IWC ORDER
(AGAINST ALL DEFENDANTS)

102.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

103.     California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated,

-24-

showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

104. Defendants have failed to provide Plaintiffs and, on information and belief, Class Members accurate itemized wage statements that include the gross wages earned, total hours worked, piece-rates if any, rest and recovery period and other nonproductive time separate from any piece-rate compensation, all deductions, net wages earned, pay period dates, name of employee, name address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period, as mandated by Labor Code §226 and applicable IWC Wage Order, because such statements understate wages by failing to include those wages owed for unprovided rest and meal periods and reimbursements of expenses.

105. Defendants have, in turn, violated California Labor Code § 226(a) by inaccurately stating gross and net wages and other issues as described above.

106. Defendants have also violated California Labor Code § 226.2(a)(2) and (b) by failing to separately state the total hours of compensable rest and recovery periods, the rate of compensation and the gross wages paid for those periods during the pay period, and the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.

107. By knowingly and intentionally failing to provide Plaintiffs and Class Members itemized wage statements in conformance with Labor Code § 226, Defendants have also violated Labor Code § 226.6, which is a misdemeanor punishable by fine and/or prison.

108. California Labor Code § 226.6 states:

Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or

imprisonment, or both, shall be in addition to any other penalty provided by law.

109.    Defendants have the ability to pay all wages due and have the ability to provide Plaintiffs and the class accurate wage statements mandated by Labor Code § 226. But Defendants have willfully refused to pay and accurately state wages, intending to secure instead a discount upon their indebtedness to Plaintiffs and the class, and intending to annoy harass, oppress, hinder, delay, or defraud Plaintiffs and the class, in violation of California Labor Code § 226.6.

110.    Defendants' violation of Labor Code § 226 also constitutes a predicate violation of California Business & Profession Code §§17200 *et seq.*

111.    Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Michael L. Manna is liable for the violations herein alleged.

112.    Wherefore, Plaintiffs and the class request relief as described herein and below.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF UNFAIR COMPETITION LAW**
CALIFORNIA BUSINESS & PROESSIONS CODE §§ 17200 *et seq.*
(AGAINST MICHAEL L. MANNA RANCH, INC.)

113.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

114.    On information and belief, and at all times relevant, Plaintiffs allege Defendants, by and through their policies and practices, engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq.*, including the following:

   a.   requiring Class Members, including Plaintiffs, to work at least five (5)

        hours without a timely, thirty (30) minute, uninterrupted meal period,

        and failing to pay such employees one (1) hour of additional wages at

the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law and policy;

b. failure to pay minimum and overtime wages by forcing Plaintiffs and the class to work "off-the-clock";

c. failure to accurately calculate pay rest and recovery period and failure to record and compensate for other nonproductive time separate from any piece-rate compensation;

d. failure to provide Class Members, including Plaintiffs, with accurate itemized wage statements in violation of California law and public policy;

e. Failure to pay Class Members all wages owed at the time of termination of employment in violation of California law and public policy;

f. failure to pay to Class Members, including Plaintiffs, all minimum and overtime wages owed, including those for meal periods and reimbursements, as detailed above upon separation from employment – whether voluntary or not – in violation of California law and policy;

g. failure to create or maintain accurate time-keeping records for Class Members, including Plaintiffs, resulting in failure to accurately pay wages owed and provide accurate itemized wage statements, in violation of California law and public policy.

115. Defendants' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 *et seq*. Plaintiffs and, on information and belief, the Class she seeks to represent, have suffered injury in fact and have lost money or property as a result of such unfair competition.

116. Plaintiffs and the class are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

117. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs and the class. Defendants should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to Plaintiffs and Class Members the wrongfully withheld wages, pursuant to Business and Professions Code § 17203 and the penalties provision of § 17202.

118. Plaintiffs is informed and believes, and thereon alleges, Defendants have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. Plaintiffs are further informed and believe, and thereon alleges, Plaintiffs and Class Members are prejudiced by Defendants' unfair trade practices.

119. As a direct and proximate result of Defendants' unfair business practices, Plaintiffs, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and the class as a result of the business acts and practices described herein, and enjoinment of Defendants to cease and desist from engaging in the practices described herein.

120. As a direct and proximate result of Defendants' unfair business practices, Plaintiffs and all Class Members are entitled, in accordance with Business and Professions Code § 17202, to enforcement of penalties resulting from the business acts and practices described herein, and entitled to enjoinment of Defendants to cease and desist from engaging in the practices described herein.

121. On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication Defendants will cease such activity. Plaintiffs allege that, if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue their practice of failing provide meal periods or compensation in lieu thereof, and failing to reimburse employees for necessary expenses.

122.     Wherefore, Plaintiffs and the class request relief as described herein and below and as deemed just and proper by this Court.

## NINTH CLAIM FOR RELIEF
### PENALTIES AND WAGES FOR VIOLATIONS PURSUANT TO LABOR CODE §§ 2698 *et seq.*, 558, AND 558.1
### (PLAINTIFF AGAINST ALL DEFENDANTS)

123.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

124.     Plaintiffs bring this representative claim for themselves, the State of California and all other current and former employees of Defendants as a non-class claim, as expressly authorized by the statute.

125.     This PAGA cause of action is brought against Defendants pursuant to provisions of the labor code including § 558, which imposes liability on "persons" (defined by Labor Code § 18 as "… any person, association, organization, partnership, business trust, limited liability company, or corporation.") who violate the Labor Code or IWC regulations or cause these to be violated, and which provides for recovery of wages in addition to penalties. Section 558.1 is similar.

126.     Plaintiffs has complied with the PAGA's administrative requirements. Specifically, in the manner prescribed in Labor Code § 2699.3, Plaintiffs gave notice to Defendants and the Labor & Workforce Development Agency ("LWDA") of the Labor Code provisions that Defendants are alleged to have violated, as well as the facts and theories surrounding those allegations. Plaintiffs did not received notice from the LWDA that it would not investigate the allegations, entitling Plaintiffs brings a PAGA cause of action, or the LWDA failed to respond within the time allotted by statute.

127.     Plaintiffs are aggrieved employees within the meaning of Labor Code § 2699(a). They bring this cause on behalf of themselves, the State of California, and other aggrieved employees – (i.e., current or former employees affected by the Labor Code violations alleged in this Complaint).

128.     Pursuant to Labor Code § 2699(a), Plaintiffs seeks civil penalties as provided under applicable Labor Code sections for violations alleged herein.

129.     To the extent that any violation of statute or regulation alleged herein does not carry a penalty, Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f), which provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

130.     The penalties sought by Plaintiffs are to be distributed as mandated in Labor Code § 2699(i) – 75% to the State and the remaining 25% to the aggrieved employees.

131.     Defendants are liable to Plaintiffs, the State, and other current or former employees for the violations alleged in this Complaint. Plaintiffs are also entitled to an award of attorneys' fees and costs for bringing this claim as set forth below.

132.     Plaintiffs' PAGA claim does not require Class Certification because both the language of the PAGA and the express intent of the Legislature indicate an aggrieved employee may act in place of the State and bring a representative action on behalf of the State and other employees without having to certify a class. Labor Code § 2699 specifically states an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law…" The wording of the PAGA, which authorizes an aggrieved employee to bring an action "on behalf of himself or herself and other current or former employees… [,]" is similar to the former wording of Business and Professions Code § 17204, which authorized a person or organization to act "for the interests of itself, its members or the general public . . . ." The Legislature has made clear an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as Private Attorney General to collect penalties from employers and persons who violate labor laws. Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal

conduct. Restitution is not the primary object of a PAGA action, as its purpose is not recovering damages, but civil penalties. And the PAGA does not preclude employees from pursuing any other claim they may have available under law.

133. As such, Plaintiffs individually holds a substantive right to stand in the shoes of the State of California and bring this PAGA claim for the State and other current or former employees.

134. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Michael L. Manna is liable for the violations herein alleged.

135. Wherefore, Plaintiffs request penalties pursuant to the PAGA as described herein and any other relief this Court deems proper.

## PRAYER FOR RELIEF

136. Wherefore, Plaintiffs pray for judgment for Plaintiffs and the class as follows:

    a. That the Court determine this action may be maintained as a class action or actions;

    b. For compensatory damages including wages in an amount according to proof with interest thereon;

    c. For economic and/or special damages in an amount according to proof with interest thereon;

    d. For a declaratory judgment that each of the Defendants violated Plaintiffs' and Class Members' rights under AWPA, 29 U.S.C. § 1801 *et seq*., the California Labor Code, and

applicable IWC Wage Orders as set forth in the preceding paragraphs;

e. Award Plaintiffs and proposed Class Members statutory damages or, in the alternative, actual damages for Defendants' violations of AWPA;

f. That each of the Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq.*;

g. That each of the Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

h. That each of the Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

i. For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the Federal AWPA;

j. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

k. For premium wages pursuant to Labor Code §§ 226, 226.7, and 510;

l. For unpaid wages pursuant to California Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2;

m. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under

Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2802, 2699(a) and 2699(f) relating to all facts alleged in the complaint;

n. An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code §§218.5, 218.6, 226, 1194, 2699(g), and/or other applicable law; and

o. For the greater of actual or statutory damages of $500 for each Plaintiffs and Class Member pursuant to AWPA;

p. For costs of suit and attorneys' fees pursuant to AWPA, the California Labor Code, the California Unfair Competition Law, and PAGA;

q. For actual, incidental, and consequential damages for breach of contract;

r. Injunctive relief;

s. Interest pursuant to California Labor Code § 218.6;

t. For such other and further relief as the court deems just and proper pursuant to the procedures detailed in labor code §§ 2698 *et seq*.;

u. For all provisions of the labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

v. For all provisions of the labor code violated as described above for which a civil penalty is specifically provided, civil penalties

for each aggrieved employee as specifically provided by statute.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims and those of the Class by jury to the extent authorized by law.

Dated: July 18, 2024              **MALLISON & MARTINEZ**

By: _____
      Stan Mallison
      Hector Martinez
      Cody Bolce

      Attorneys for Plaintiff and a Class of
      Similarly Situated Employees

CLASS ACTION AND PAGA COMPLAINT